W. Brown and I'm here today arguing on behalf of the appellant. I'd like to begin by paring down a few of the issues before the court by way of concession. I did not write the briefs in this case and in preparing for argument have determined that I cannot establish clear or obvious error concerning any of the three unpreserved claims raised in the briefs. The first of those claims attacks the sufficiency of the factual basis but relies on a requirement that the image charged below capture the child affirmatively engaging in sexually explicit conduct. The text of the statute doesn't require that and this court has not interpreted the statute to require that. In fact, this court has rejected that claim on a few occasions in the past. In light of that authority, I concede that any error below was neither clear nor obvious. The court has also recently rejected the First Amendment constitutional claim raised in the briefs. It was an unpublished decision but when I looked for authority elsewhere, that same argument has been rejected everywhere it's been made. As a result, I concede that any error below was neither clear nor obvious. And I have one last concession before I get to the preserved restitution error which I believe merits further discussion. The brief also challenges whether the district court could order restitution to a government entity acting as a legal guardian for a minor victim. This court has not dealt with that claim but again, I checked for authority elsewhere and the claim has been rejected everywhere it's been made. And in light of that authority, I'm willing to concede that any error was neither clear nor obvious. So with those concessions out of the way, I would like to discuss the agenda with the court as is your legal and ethical obligation. Thank you. Thank you, Your Honor. That's kind of neat to say. But I would like to deal with the one preserved issue. I think it's the one issue that really deserves argument in this case and that's whether the district court erred by failing to apportion the loss between the appellant and other adults who had a hand in producing those losses. This argument proceeds in two parts. First, we need to address the appeal waiver. But I believe that given the nature of the appellant's challenge, this court should find that the argument on appeal falls within the exception in her plea agreement which allows her to bring a direct appeal of any sentence exceeding the statutory maximum. And as to the merits, I believe the district court erred by failing to differentiate between those losses caused by the defendant's offense and those losses caused by the acts of others or non-criminal acts by the defendant. So with regard to... What are you claiming? I guess I'm asking for perhaps even another concession, but at least an establishment of position. Certainly. What are you claiming as the statutory maximum on the restitution, the benchmark that you believe has been exceeded improperly? Your Honor, I believe there are two and I was just about to get to that. Okay. So in order to deal with this appellate waiver issue, we have to define the statutory maximum, I believe, in general and with regard to the restitution statutes. I believe in general a statutory maximum is the most severe penalty the text of a law permits and a hard limit on a sentencing court's discretion. And in this case, our text is found in a former version of 18 United States Code, section 2259. And the text of 2259 doesn't set the statutory maximum at a particular number. Instead, it places two other hard limits on the sentencing court's authority to order restitution in any case involving the production of child pornography. First, the amount ordered may not exceed the full amount of the victim's losses. I don't believe that hard limit is implicated here. The losses below were proved by a preponderance of the evidence and I believe they are appropriately considered losses to the victim or to the victim's legal guardian. However, there is a second hard limit from section 2259 and that's that the compensable losses include only those proximately caused by the defendant's offense conduct. That comes from former section 2259 subsection C2 and the Supreme Court's opinion in Paroline. Now, unfortunately, this case gets even more complex. There's a third hard limit that comes from another statute and is relevant here given the defendant's agreement. 18 United States Code section 3663A3 allows sentencing courts to order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. And in this case, as part of her plea, the appellant agreed that her restitution obligation would include losses covered by relevant conduct and not just the offense of conviction. So by my count, in general matter, that gives us three hard limits on the district court's authority. First, the full amount of the victim's losses. Second, proximate cause. And third, the extent of the district court's relevant conduct findings. So with that in mind, we can turn to the threshold question, which is whether the appellant's appeal waiver bars her preserved restitution challenge. So unfortunately, we don't have a whole lot of case law on that question and we haven't really put together a rule on this to extract a rule from two published decisions and one unpublished decision. And the rule is this. An appellant challenge necessarily implicates the statutory maximum if it alleges that the district court simply ignored one of the hard limits on its authority to order restitution. The argument can't go to the sufficiency of the evidence because if it goes to the sufficiency of the evidence, it does not implicate the district court's ignorance of a hard limit on its discretion. So that fact, the fact that it ignored a hard limit must be apparent from the record and the appellant may not ask the court to re-weigh the evidence or to re-litigate any relevant conduct findings. So I mentioned a few cases earlier from which I've extracted this rule. One is Chemical and Metal Industries Incorporated. That's a published decision from 2012 and that case dealt with the full amount of the victim's losses. There the district court made no specific finding regarding the amount of the victim's losses but nevertheless awarded $2 million in restitution. So is your position here that Texas would be entitled to recover for its losses, right? Yes, Your Honor. But we don't know the amount of what Texas losses are? No, Your Honor. We certainly know the amount of what Texas losses are, but we don't know the aggregate. I believe the problem here was the district court's failure to apportion those losses amongst various causal actors and that actually goes to the proximate causation hard limit on a district court's discretion. Now with regard to the appeal waiver, before we get to the merits. Okay, can you get, maybe you get to Judge Englehart's question. Certainly. Kind of more specifically. We get the, this has been helpful, but what are the specific objections, if that's not the objection? Certainly. So the specific objection below was made in the record on pages 165 and 171. The Assistant Federal Public Defender explained to the court that it had a duty to engage in approximate causation analysis, which is one of the hard limits on its discretion to order restitution. Specifically, the attorney below asked the court to apportion those losses between various causal actors and it also asked the court to apply paroline and caution the court that if it did not, its restitution award would exceed the statutory maximum. Those words appear in the record again on pages 165 and 171. So I think the nature of this challenge on appeal goes right to that issue, which is the district court's failure to heed the causation analysis, which would differentiate. Between whom? Well, Your Honor, it would be between at least three actors by my count and potentially four. So we have the appellant who was creating and producing child pornography, but we also know that many of this victim's losses weren't attributable to those specific acts. They were attributable to some larger, a broader causal process are the words used in paroline, but we know that another adult, the adult living with the victim, the victim's other guardian before she was taken out of the home, was raping her repeatedly. We also know that the victim and the victim. So you're saying the trial court should have had to figure out whether she needs mental health care or something that someone might very reasonably need having that experience. They have to decide whether it's because they've been a victim of child porn or if it's because they've been a victim of rape and the district court has to parse that? Is that what you're saying? Your Honor, there has to be some proximate causation analysis. I don't think it has to be very much, though. I'm not asking the court to come out to a specific... But that's what you're asking, basically. No, I'm just asking for the analysis. There has to be some analysis and in this court... Of that question, of that issue that I just articulated, that's what the district court should have considered? Yes, Your Honor. Is it this person's fault for raping or is it this person's fault for using them for child porn? Yes, Your Honor. I think that's what the law requires. I think that comes directly from Paroline. Paroline is a more difficult case because we're dealing with possession of child pornography and in that case, that through line from one defendant's possession to the victim's losses is a little harder to track. But in this case, I think Paroline applies if there are more than one causal actor which produces the victim's losses. What about when people act in concert with each other? Maybe even one of them isn't charged at all. What about when people act in concert with each other, which as I understand the facts of this case, there's sort of a guardianship or a custody where a person is exposed to more than one individual abuser. Could not the entire amount be attributed to both parties or even a third or fourth party? It absolutely could, Your Honor, but that would depend on the district court making relevant conduct findings which held the appellant responsible for the other actor's criminal acts. There was a relevant conduct finding below. It was implicit, but it did not go beyond the appellant. So in the PSR, the PSR held the appellant accountable for all of her production from January to September of 2016. That is on page 288 of the record. But, the PSR never made that jointly undertaking criminal activity analysis that would have allowed the district court to find that her and the other individual were in fact acting in concert and were on the hook for one another's relevant conduct. It simply never made that analysis. It was never asked to either. So I think that... Edify me here. Was there a restitution order assessed against the other person or anyone else in connection with this victim? Not to my knowledge, Your Honor. However, at the beginning of that sentencing hearing in which restitution was considered, the prosecutor did ask for permission to share the record with a third causal actor, which is the individual with whom the appellant was sending child pornography. And we also know from that same hearing that that individual was then distributing it further. So it's difficult to parse out I understand your concerns, Judge Elrod. It is very difficult to parse out when you have various actors who's accountable for what. And it requires some degree of discretion and some creativity. But I think that is allowed as long as you're engaging in the analysis. And on that point, I would note that this court has upheld two creative approaches to the Paroline analysis and published decisions recently. One is Halverson, which is a decision from last year. There, the district court adopted a formula in which it began with $5,000 to each victim. That was the lowest amount that any victim requested. And then it added an additional amount multiplied by the number of images the defendant possessed for each individual victim. So let's say we agree with you. And what would your resolution, what would your argument be that the restitution should be as opposed to what has been assessed in this case? Well, Your Honor, that's hard to say. I think what we need to do is we need to remand the case for further development of the evidence, which would allow the court to reasonably disaggregate those losses. And again, Judge Elrod, I appreciate that's very difficult and it's oftentimes going to be very gruesome in a case like this. But unfortunately, we have no analysis along those lines below. The attorney, the assistant federal public offender below, repeatedly requested that the judge at least engage in that analysis and consider Paroline. And both the government and the district court determined that Paroline concerns aren't relevant in a production case. Now, this court has never . . . The court did go through, had a witness testify, and then they asked the witness if they could parse out the neglect and other factors of the poor childhood that this victim was having, terribly poor. Poor doesn't begin to describe it. And the court asked, can you parse those out and separate those? And those would be some of those related to the other person, too. And the witness says, no, I can't really parse it too well. And then the court adopts that it was responsible, attributable to this incident. I mean, this child porn. So why isn't that enough? It's implicit even in the cross, they had a chance to cross-examine and see if they could attribute it to some other causation, and they didn't. And the court heard it all. And the cross was not effective in getting them to be able to do that. Well, Your Honor, I think the erroneous factual finding and the erroneous legal conclusion are two sides of the same coin. So regardless of what the district court found, or regardless of what the witness testified to concerning her inability to parse out those losses and disaggregate them, I think the district court had a duty to do so under Paroline. But the district court never even went that far because it decided that Paroline did not apply. But nobody even, they weren't arguing that. And they didn't bring a witness to parse it out. And the witness that they had, the government's witness, parsed it out, said I can't parse it out. So why is that on the, why is that, why does that inure to your benefit in this case with its plain error? This issue is not plain error, Your Honor. This issue was preserved. It inures to my benefit. Well, said proximate cause, but did it get down to the nitty gritty that this was really the complaint? Well, Your Honor, I think in any of these cases that same objection can be made. It's a little silly once we start disaggregating one possessor of child pornography from another possessor because the causal link is so attenuated. Here it's an easier, it's an easier analysis because there's less causal actors, but it doesn't, that doesn't mean that we can ignore the analysis entirely. I appreciate it's a difficult analysis, but the district court rejected it out of hand, and I believe that, that's the error we're complaining of here. I think the remedy would be to, to remand the case and order the district court to apply Paroline in some sense. But there's no evidence in the record that the harm was caused by another person. Is there? Well, Your Honor, the, a lot of the harms are pretty general in that this young girl was neglected, she was not potty trained, she had various health issues that were not related to the production of child pornography. Right, but is there any evidence in the record linking it to someone else other than your client? Because it definitely is linked to your client. Is it linked to anyone else, the evidence that's actually in the record? Yes, Your Honor, and I don't have the record site on the top of my head, but there is discussion from one of the witnesses concerning the effect of another individual's repeated rapes. And it describes that the victim is waking up in the middle of the night, has night terrors, and it also describes that she has been, due to her sexualization at such a young age, she has very few boundaries concerning her body and the body of other children. Unfortunately, I don't think the evidence below goes into the extent to which that particular problem has to do with the defendant's photograph taking and the other individual's repeated rapes. But I think, again, the court never got there because it didn't, it rejected Paroline out of hand. Your Honor, I've used up my time. I'll reserve whatever I have left for both. Thank you. Thank you. May it please the Court. Brian Portugal for the United States. The correct legal abstraction to take away from the Court's case law on waiver in restitution cases is that the limit on recovery for the victim is the victim's loss. There's an additional restriction in child pornography cases that's mandated by the Supreme Court, and that is the defendant must be a proximate cause of the loss. Any challenge to the District Court's finding that the defendant was a proximate cause vis-a-vis another tortfeasor or another putative defendant is barred by the plea agreement in this case, which specific language says that the defendant agrees to make restitution for all relevant conduct in an amount to be determined by the District Court. That is what the District Court did here, and therefore the appellant's challenge to the District Court's proximate cause finding is barred. Counsel. Yes, Your Honor. You agree, though, that if there was an improper methodology used to calculate the restitution, that also is under SHARMA provides a basis for remand even in a case with an appeal waiver? I don't think so. Well, yes, under SHARMA it would. Yes, Your Honor. I think that's right. Okay. With respect to the Did Shifflett raise that the amount of the damages was not the correct methodology, but was the state's losses versus the victim's losses in the brief? I don't believe there was a preserved challenge below to the District Court's methodology, no, Your Honor. Okay. But do you believe it's in the brief here today? I don't know if we're considering that or not, given the argument I heard, but can you address that issue? I don't think that there's About the methodology, if the losses were calculated? If it is raised improperly before the court, I don't think it would be a meritorious issue because the District Court heard extensive testimony, and you find that testimony at 206 in the record, beginning at 206 and continuing through 224, and that's the therapist's testimony, and then beginning on 224, Stephanie Stokes, that's the social worker's testimony. They're describing this victim's harm, and they're describing the therapy that will be necessary for this victim throughout the victim's life, and the District Court simply adopted those amounts, and I don't know how better the District Court could have calculated the loss. Okay. So the victim's amounts, even if it's phrased in the context of the amount that the state would have to pay? Right, because the state stands in the victim's shoes in this circumstance as the guardian. It's a little awkward. I would like to address the District Court's approximate cause finding, which is at 174-175 of the record. I think Judge Elrod, your questioning is right on point. I don't know that the District Court could have been clearer. She says, I can see that there could be a concern as to how some of these expenses could have been proximately caused in a possession case, but this case I think the evidence is really overwhelming, far beyond a preponderance that the expenses that have been testified to, number one, are extremely conservative under the circumstances, and two, certainly are expenses proximately caused by the defendant's conduct. So it doesn't have to decide whether they were also proximately caused by a third party or if they should be 50% each. Once the court decides that they're proximately caused by this defendant, that's good enough. That's good enough, Your Honor. And in answer to Judge Englehart, your question, the District Court could not have made restitution to, the District Court could not have required restitution of the other adult in this case because that other adult was not before the court. So there would have been no statutory authority. Well, no, I was asking if it perhaps was charged separately, state or federal or elsewhere. In other words, the source of the restitution, I know that that person's not part of this case, it's clear from the record. My question was more general. Do we know from the record whether we're having an intellectual discussion versus something that's really happening? I'm not sure I follow. I'm sorry. Is there restitution in the record? Are there funds available? And are we having a discussion in the abstract that's not ever really apparent that it's ever going to come to fruition? Well, certainly. We still, we do that often, but I'm just wondering what the record says about that. I don't know that there's any indication in the record that the appellant has assets that would even come close to being able to satisfy this. There is always the hope, Your Honor, in these cases that perhaps by way of a bequest from a family member that at some point the appellant may have assets and those could be garnished. Do you have a viewpoint, the opposing counsel says that we have sparse case law on this case, the statutory maximum. Do you have a viewpoint of whether our case law is too sparse and whether we need to add to that or not? I think the court would benefit greatly in a published opinion following its unpublished opinion in Frazier, which specifically addresses relevant conduct, vis-a-vis restitution and to appellate right waivers. If the court doesn't have any further questions, I will cede the balance of my time and ask the court to dismiss the appeal or in the alternative, affirm the judgment below. Thank you. Your Honor, just briefly on the waiver issue, we have a few cases dealing with challenges that this court has found fall within the exception. My criticism thus far is that there is no clear rule that applies across a variety of all cases. What we have instead is sort of a series of ad hoc rules. CMI deals with a situation where the restitution order exceeds the loss found below and thus exceeds the statutory maximum. Winchell deals with a complete failure to engage in the proximate causation analysis and I think that's essentially what has happened here as well. And then we actually have a series of unpublished cases that go to a few of your questions a few minutes ago, Judge Elrod. Those are Jones and Gunselman. These are unpublished decisions dealing with method of calculation. So this court has found that if the... But we also have Sharma that is in a published case dealing with method of calculation. That's true, Your Honor. The issue in Sharma, however, was conceded. The government conceded that the... It's a footnote. It's a footnote. I looked it up. But that issue was conceded there. So we don't have a ruling in that case concerning the statutory maximum reservation. But you are right. It's very helpful. They conceded it because they understood that it was the law. Absolutely. And that goes straight to the victim's losses. But again, I think, and I agree with Mr. Portchoul, it might be helpful if there was a codification of sort of this federal rule, which we can extract from all the cases, which is that when the district court completely ignores one of those hard limits, then the challenge necessarily implicates the statutory maximum. What would that be? They say it would be a published version of Frazier. What would it be to you? Your Honor, Frazier actually deals with a very different type of challenge. Frazier dealt with a defendant who argued that because the restitution was not supported by sufficient evidence, it necessarily implicated the statutory maximum. That's not true. If it goes to sufficiency, it's one of the many factual determinations that a district court makes at sentencing that has been bargained away on the basis of the appeal waiver. But again, here the issue is not the sufficiency of the evidence. I don't think there was any fight below about the sufficiency of the evidence concerning those aggregate losses. The only issue was the district court's complete failure to engage in its pair line analysis. And with that, Your Honor, unless there's any other questions, I think I'm through. Thank you. Thank you, counsel. We have your argument. This case is submitted and the court will stand in recess until it considers the next case for this afternoon.